# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-96-CJW-MAR |
| Plaintiff, | |
| vs. | **ORDER** |
| GLADYS LOUISE STEPHENSON, | |
| Defendant. | |

---

## I.    INTRODUCTION AND BACKGROUND

This matter is before the Court on a Report and Recommendation ("R&R") (Doc. 23) by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny the government's Motion to Amend Order of Release (Doc. 17). Defendant is charged with one count of Theft of Government Property, in violation of Title 18, United States Code, Section 641; one count of Supplemental Security Income Benefits Fraud, in violation of Title 42, United States Code, Section 1383a(a)(3); and one count of False Statement or Representation, in violation of Title 18, United States Code, Section 1001(a). (Doc. 3).

On February 21, 2025, defendant self-surrendered and appeared for her Initial Appearance in the Northern District of Illinois before the Honorable United States Magistrate Judge Gabriel Fuentes. At the hearing, Judge Fuentes released defendant on conditions after considering Pretrial Services' recommendations and the information from the parties.[1] Judge Fuentes denied the government's request that he impose supervision by the United States Pretrial Services Office in the Northern District of Illinois where defendant planned to reside pending trial in this Court. *See* (Doc. 6, at 4). Judge Fuentes

---

[1] On April 1, 2025, the government filed the transcript from the hearing before Judge Fuentes. (Doc. 22).

imposed the conditions set forth in his Order Setting Conditions of Release and Appearance Bond. (*Id.*, at 8–13).

On March 4, 2025, defendant appeared for her initial appearance and arraignment in this Court before Judge Roberts. (Doc. 9). The minutes of this hearing show the government moved to amend the conditions of release to include active supervision, and Judge Roberts directed the "parties to file motions regarding Defendant's conditions of release."[2] (*Id.*).

On March 7, 2025, the government filed its Motion to Amend Order of Release. (Doc. 17). Under Title 18, United States Code, Section 3145(a)(1), the government requests the order of release be amended to require that defendant be supervised while she is on pretrial release. Defendant filed a timely resistance. (Doc. 19).

The Court referred the government's motion to Judge Roberts, and on March 27, 2025, Judge Roberts held a hearing on the motion. (Doc. 21). Neither party offered evidence, and only defendant's counsel chose to make any argument. (*Id.*); (Doc. 23, at 2). On April 3, 2025, Judge Roberts filed his R&R recommending the Court deny the government's motion. (Doc. 23). The deadline to file objections has passed, and neither side has filed any objection.

## II.    ANALYSIS

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[ ] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept,

---

[2] No transcript has been provided for this hearing.

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report and recommendation when such review is required. *Lothridge*, 324 F.3d at 600.

Any portions of a report and recommendation to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review a report and recommendation under a more exacting standard even if no objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Here, the parties filed no objections to Judge Roberts' R&R, and it appears to the Court upon review that Judge Roberts' findings and conclusions are not clearly erroneous. Therefore, the Court **adopts** Judge Roberts' R&R. (Doc. 23). The government's Motion to Amend Order of Release (Doc. 17) is **denied**.

**IT IS SO ORDERED** this 13th day of May, 2025.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa